# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States District Court
Southern District of Texas
FILED

JUN - 1 2017

David J. Bradley, Clerk of Court

No. 16-20211
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENYIBUAKU RITA UZOAGA, M.D.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-65-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Enyibuaku Rita Uzoaga, M.D., appeals her conviction for conspiracy to commit health care fraud, health care fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1347, 1349. She contends that the district court committed plain, harmful error in instructing the jury on deliberate ignorance. The Government disagrees and further argues that Dr. Uzoaga invited any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20211

error; thus, the applicable manifest injustice standard of review bars her challenge.

In reviewing a district court's decision to give a deliberate ignorance instruction, this court considers the evidence and draws all reasonable inferences in the light most favorable to the Government, *United States v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007), and it takes into account the totality of the evidence, *United States v. Lara-Velasquez*, 919 F.2d 946, 952 (5th Cir. 1990). A deliberate ignorance instruction should be rare. *United States v. McElwee*, 646 F.3d 328, 341 (5th Cir. 2011). The purpose of the instruction is to explain to the jurors that they may consider "the defendant's charade of ignorance as circumstantial proof of guilty knowledge," but it may be given only where the defendant argues that she did not have actual knowledge of guilt and the evidence at trial supports an inference that the defendant remained deliberately ignorant. *Nguyen*, 493 F.3d at 618 (internal quotation marks and citation omitted).

The parties' dispute over the proper standard of review is immaterial here because, even under the less onerous plain error standard urged by Dr. Uzoaga, her arguments fails. *See United States v. Harris*, 740 F.3d 956, 965 (5th Cir. 2014); *United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014). Binding case law forecloses Dr. Uzoaga's first argument that a deliberate ignorance instruction cannot be squared with a conviction for conspiracy to commit health care fraud. *United States v. St. Junius*, 739 F.3d 193, 205 (5th Cir. 2013). As to Dr. Uzoaga's second argument, the Government presented considerable evidence to support deliberate ignorance. The central assertions underlying Dr. Uzoaga's defense are belied by the Government's evidence. Regardless of whether Dr. Uzoaga knew, or should have known, that the billing codes repeatedly used were for testing, not therapy, the record shows that she

2

No. 16-20211

nonetheless understood the specific names of the vestibular tests in her own patient files. As Dr. Uzoaga's own expert acknowledged, her files were copiously detailed and well organized, especially regarding a patient's plan of care, and the files noted patient progress. It naturally follows that Dr. Uzoaga knew that her patient files indicated an excessive volume of vestibular testing, which Dr. Uzoaga herself agreed was "absolutely unnecessary," and for which Medicare had been billed on her behalf.

The evidence supports that (1) Dr. Uzoaga knew there was a high probability that Medicare was being unlawfully billed on her behalf and (2) that she purposefully avoided discovering the illegal conduct. *Nguyen*, 493 F.3d at 619. The record indicates that Dr. Uzoaga reviewed the Medicare remittance notices yet refrained from ever inquiring with the treatment provider about the billing or coding used. Under the circumstances here, Dr. Uzoaga had good reason to be suspicious that illegal conduct was occurring in her patients' treatment. After Dr. Uzoaga's submission of documents to the audit response, Medicare denied some of the claims submitted. Regardless of the precise basis given by Medicare, the post-audit denial gives rise to a reasonable inference that Dr. Uzoaga was aware of a high probability of illegal conduct. *See Nguyen*, 493 F.3d at 619. Yet Dr. Uzoaga's response following the audit was not to investigate the treatment provider business practices or become more involved herself in patient billing or treatment. Instead, Dr. Uzoaga continued using a third-party for testing and treatment, none of which she attended. We conclude that Dr. Uzoaga has failed to establish error, plain or otherwise, that affected her substantial rights.

AFFIRMED.

3